UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 SEP 16 PM 2:28

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | |
|---|---|
| Richard and Patsy Minniear, | ) |
| Plaintiffs, | ) |
| vs. | ) 1:11-cv-1258 TWP-DML |
| Imperial Recovery Partners, LLC. | ) |
| Defendant. | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

3. Venue is proper in this Judicial District

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiffs reside in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### Parties

7. The Plaintiffs, Richard and Patsy Minniear, are natural people.

8. The Plaintiff is a "consumer" as that term is defined by § 1692a.

9. The Plaintiffs are "any person" as that term is used in 15 U.S.C. § 1692d preface.

10. The Defendant, Imperial Recovery Partners, LLC, (hereinafter referred to as "Defendant"), is a Kansas Corporation operating from an address at 8665 W. 96th Street, Suite 100, Overland Park, KS, 66212.

11. The principal purpose of Defendant is the collection of debts using the mails and telephone.

12. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

14. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiffs.

15. The Plaintiffs incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

16. The debt owed by the Plaintiffs went into default.

17. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

18. The Plaintiffs dispute the debt at issue in this matter.

19. The Plaintiffs request that the Defendant cease all further communication on the debt.

20. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

21. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

22. The Defendant contacted the Plaintiffs by telephone in an attempt to collect a debt in August of September of 2011.

23. The Defendant left a voicemail message for the Plaintiffs that consisted of the following, "[T]his is Jimmy Lewis the Third. My telephone number is 1-877-490-2785. I will be expecting your call between the hours of 8 am and 5 pm Central Standard Time. It is imperative that I speak with you today. This is Jimmy Lewis the Third. My telephone number is 1-877-490-2785. I will be expecting your call between the hours of 8am and 5pm Central Standard Time. It is imperative that I speak with you today".

24. To date, the Plaintiffs have not paid this debt.

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 24 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA by failing to notify the Plaintiffs that the voicemail message was a communication from a debt collector in an attempt to collect a debt, pursuant to 15 U.S.C § 1692e.

3. The Defendant violated the FDCPA by stating that it was imperative to speak with the Plaintiffs immediately or additional collection actions would be taken when, in fact, they were not intended to be taken which violates 15 U.S.C. § 1692e.

4. The Defendant violated the FDCPA by failing to provide a meaningful disclosure of the caller's identity as required by 15 U.S.C. sec. 1692d.

5. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by threatening ambiguous further action against the Plaintiff if the call was not returned.

6. The Defendants' acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by threatening the Plaintiff with legal action that was never intended to be taken.

7. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
John T. Steinkamp, Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300/Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com